UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ARMANDO BRAVO ROSAS,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 1:26-cv-04217 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. No. 1 at 16. The petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner entered the United States on or around August 26, 1996 and has been living in the United States for the last thirty years. Since entering the United States, he has married a lawful permanent resident and has started a family. Dkt. No. 6 at 10. He also has filed for various forms of immigration relief, which remain pending before USCIS and the Immigration Court, including an application for asylum and a Form-130 Petition for Alien Relative. Dkt. No. 1 ¶ 20. However, Petitioner has not previously been detained and released by immigration authorities prior to his most recent detention. On March 30, 2026, Petitioner was detained by ICE when he was released from Pasco County Jail after an arrest for driving under the influence. Dkt. No. 6 at 9. This is Petitioner's second DUI arrest, with the first resulting in a conviction in 2024. *Id.* at 17; Dkt. No. 1 ¶ 15.

Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. §

1225(b)(2). Ninth Circuit authority, however, is dispositive on this issue. Noncitizens, like Petitioner, "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)". *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Accordingly, Petitioner's detention, bond, and release are controlled by § 1226(a).

Courts have taken differing approaches when presented with the question of the appropriate remedy where an individual has been unlawfully detained under § 1225(b)(2), and otherwise has not been previously detained by immigration authorities. Under some circumstances, courts have granted immediate release. *See, e.g.*, *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (granting immediate release where Government denied that petitioner was detained under § 1226); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same); *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3–4 (D. Nev. Apr. 6, 2026) (finding an arrest is unlawful, and release was warranted, where the Government failed to follow its own regulations under § 1226(a) in issuing a warrant before arresting petitioner). In other instances, courts have denied release, but ordered that the petitioner be provided a prompt § 1226(a) bond hearing before an Immigration Judge. *Henry A.V.L. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-CV-03354-MWJS, 2026 WL 1391273, at *2 (E.D. Cal. May 18, 2026); *Anderson O.H.G. v. Johnson*, No. 1:26-CV-03248-MWJS, 2026 WL 1330831, at *1 (E.D. Cal. May 12, 2026); *Ixcox Chum v. Lyons*, No. 1:26-CV-02491-KES-EPG, at *1 (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026); *Lopez-Perez v. Johnson*, No. 1:26-CV-03083-JLT-SAB (HC), 2026 WL 1506818, at *1 (E.D. Cal. May 29, 2026).

Under the circumstances presented here, a prompt bond hearing is proper. Respondents have submitted evidence of Petitioner's criminal conviction and recent arrest suggesting that he may be a danger to the community if released. Respondents, however, must make this showing at a bond hearing which Petitioner is statutorily entitled to.

Accordingly, the petition for writ of habeas corpus is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later on Petitioner's request. Respondents are ordered to file a status report, within five days of the bond hearing, confirming that the hearing occurred and attaching or describing the immigration judge's findings.

**IT IS SO ORDERED.**

Dated: August 3, 2026

VINCE CHHABRIA
United States District Judge